IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **OLIVER JAMES DAVIS,** ) | 7:00-CR-0430-UWC-TMP |
| ) | |
| Defendant ) | |

**MEMORANDUM OF OPINION ON
MOTION FOR REDUCTION OF SENTENCE**

On March 17, 2008, Defendant Oliver James Davis, acting *pro se*, moved this court to consider his eligibility for relief. The motion is brought pursuant to 18 U.S.C. § 3582, effective November 1, 2007, and made retroactive by USSG §1B1.10, effective March 3, 2008. (Doc #33).  Previously, the Defendant sought the appointment of an attorney to assist him with filing a motion to reduce his sentence. (Doc. #32).

On March 27, 2008, the Government filed a response to Defendant's motion objecting to a reduction in sentence based upon his criminal history.

 Exercising its discretion to determine whether, and to what extent, to reduce a term of imprisonment[1], the Court finds that the motion for reduction of sentence should be granted; but that the defendant's request for appointment of counsel should be denied.

I

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines,  as it has done annually since 1987.  One of these amendments, number 706, represented the

---

[1] See U.S.S.G. § 1B1.10, comment. (n.3)

U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[2] Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

II.

With that background, the court now turns to the current motion of the Defendant to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).

The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 121-months sentence imposed upon the Defendant under Count One of the indictment. The

---

[2] At this point, the crack amendment had no retroactive application.

Defendant pled guilty to this charge and was sentenced on June 15, 2001. At the time he was sentenced, the Defendant was attributed with distribution of 47.3 grams of cocaine base (crack). The May 2000 edition of the Guidelines Manual set the base offense level for this amount of crack cocaine at level 30.

The following chart sets forth the application of the crack amendment to the instant case:

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 27 | 25 |
| **Criminal History Category** | IV | IV |
| **Imprisonment Range** | 100 - 125 months | 84-105 months |
| **Departure** | none |  |
| **Sentence Imposed** | 121 months |  |
| **Rule 35(b)/Remand** | n/a |  |
| **Designated Institution** | Forrest City FCI |  |
| **Institutional Adjustment** |  |  |
| **Projected Release Date** | 9/17/2009 |  |

Pursuant to U.S.S.G § 1B1.10 (b), the Court FINDS that the Defendant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2); and it CONCLUDES that the crack amendment is applicable. The Court further CONCLUDES that the Defendant would have been sentenced at the low end of the offense level had the crack amendment been in effect at the time of his original sentencing..

Therefore, in light of these considerations and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court hereby FINDS that the sentence in Count One should be reduced to a term of **time served**. In making this finding, the Court notes that the Defendant has not overserved the original sentence, and, therefore, the Court specifically retains all options for re-sentencing the Defendant in the future event that his supervised release is sought to be revoked.[3]

The Defendant's release from custody is hereby STAYED for a period of ten (10) days from the date of the order so that the Bureau of Prisons can satisfy its statutory and regulatory requirements.

A separate order will be entered.

_____
U.W. Clemon
United States District Judge

---

[3] The 60-months supervised release term imposed at sentencing begins immediately upon the Defendant's release from custody.

4